IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JENNIFER OLDHAM,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )
UNIVERSITY OF NORTH CAROLINA;       )
LAWRENCE R. CUNNINGHAM,             )    1:22cv513
Individually and as Agent for       )
UNC; LORENZO GALLOS, JR.,           )
Individually and as Agent for       )
UNC; RONALD MILLER,                 )
Individually and as Agent for       )
UNC,                                )
                                    )
          Defendants.               )
```

**ORDER**

This case was filed on July 5, 2022, by Plaintiff Jennifer Oldham against Defendants University of North Carolina ("UNC") and Lawrence R. Cunningham, Lorenzo Gallo, Jr., and Ronald Miller, all in their individual capacities and as agents of UNC. Oldham alleged discrimination and retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. (Count I); discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a) (Count II); invasion of privacy and civil conspiracy pursuant to North Carolina law (Count III); defamation per se and civil conspiracy pursuant to North Carolina law (Count IV); negligent infliction of emotional distress pursuant to North Carolina law (Count V); negligent supervision and training pursuant to North Carolina law (Count

VI); and negligence/gross negligence pursuant to North Carolina law (Count VII). (Doc. 1 ¶¶ 1-2, 4, and at 22-49.)

Defendants moved to dismiss the original complaint (Docs. 15, 17), and prior to the court ruling on the motions, Oldham moved to amend her complaint (Doc. 27).

On June 13, 2023, the court issued a memorandum opinion and order dismissing some of Oldham's claims in the original complaint, denying in part Oldham's motion to amend as futile, and allowing some claims in the proposed first amended complaint to proceed. (Doc. 41.)

Specifically, as to UNC the court dismissed with prejudice Oldham's Title IX claim (Count I) in part, the Title VII claim (Count II), and all state law claims (Counts III through VII). (Doc. 41 at 64-65.)

As to Defendants Lawrence R. Cunningham, Lorenzo Gallo, Jr., and Ronald Miller, the court dismissed the following claims with prejudice: the Title IX and Title VII claims (Counts I and II); the negligent supervision claim (Count VI) based on Oldham's withdrawal of this claim; the claim for invasion of privacy and civil conspiracy (Count III); and the claim for defamation (Count IV). The court dismissed the following claims without prejudice: the claim for negligent infliction of emotional distress (Count V) and the claim for negligence and gross negligence (Count VII). (Id. at 65-66.)

On June 26, 2023, Oldham filed a first amended complaint, in which she alleged against UNC violations of Title IX for retaliation and failure to report (Count I), and as against the individual Defendants claims of negligent infliction of emotional distress (Count II) and negligence and gross negligence (Count III). (Doc. 42 at 15-22.) On July 10, 2023, Defendants moved to dismiss all claims within the first amended complaint. (Doc. 43.)

Rather than filing a response to Defendants' motion to dismiss, on July 31, 2023, Oldham filed a notice of voluntary dismissal of her claims against Defendant UNC for violations of Title IX retaliation and failure to report, and against Defendants Lawrence R. Cunningham, Lorenzo Gallo, Jr., and Ronald Miller her claims of negligent infliction of emotional distress, negligence, and gross negligence (Doc. 45); withdrew her first amended complaint (Doc. 46); and filed a notice of her intent to stand on her original complaint (Doc. 47).

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), "a plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." If a defendant has not filed an answer or a motion for summary judgment before a plaintiff files a notice pursuant to Rule 41(a)(1)(A)(i), a "voluntary dismissal bec[omes] effective upon filing of the notice with the clerk of the district court." <u>Jones, Blechman, Woltz & Kelly, PC</u>

v. Babakaeva, 375 F. App'x. 349, 350 (4th Cir. 2010) (collecting cases).[1]  Oldham, invoking this rule, gave notice she voluntarily dismissed without prejudice the remaining claims against Defendants UNC, Lawrence R. Cunningham, Lorenzo Gallo, Jr., and Ronald Miller, as enumerated in her first amended complaint. (Doc. 45 ¶¶ 1-2.)  As these were the only remaining claims against Defendants, Oldham moves the court "to enter a final order as to all Defendants and all claims." (Doc. 47 ¶ 8.)  In effect, then, Oldham has voluntarily dismissed all claims the court had not earlier dismissed.

Because there is no further claim pending before the court, and at Oldham's request, final judgment will be entered as to the claims the court earlier dismissed.  And based on the preceding,

IT IS ORDERED that Defendants' motion to dismiss (Doc. 43) is DENIED as moot.

                                        /s/   Thomas D. Schroeder
                                       United States District Judge
August 9, 2023

---

[1] Unpublished decisions of the Fourth Circuit are not precedential but "are entitled only to the weight they generate by the persuasiveness of their reasoning."  See Collins v Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted).